UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BRIAN DANIEL RAMIREZ,**

Movant,

v. **No. 4:26-cv-0553-P**
**(No. 4:23-cr-0249-P)**

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Brian Daniel Ramirez under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On August 22, 2023, Movant was named in an indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 26. On September 22, 2023, he was named in a superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 35. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by the superseding information and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea and to dismiss any remaining charges against him. CR ECF No. 52. The plea agreement also set forth: the penalties Movant faced including a mandatory term of supervised release of not less than three years that could be revoked if he violated any condition of the term; the Court's

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-cr-0249-P.

sentencing discretion and Movant's understanding that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation; and that because Movant was guilty, he had concluded that it was in his best interest to enter into the plea agreement. *Id.* Movant also signed a factual resume that set forth the penalties he faced (again cautioning that failure to comply with the conditions of supervised release could result in revocation), the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 53.

On October 4, 2023, Movant appeared in open court and testified under oath that: he understood that he should not rely on any statement or promise by anyone about the penalty that would be assessed against him; he understood that his plea must be knowing and voluntary and not prompted by force, threats, or promises; he had discussed with counsel how the sentencing guidelines might apply but understood that sentencing was wholly within the Court's discretion; he had received, read, and understood the charge against him in the superseding information; he understood and admitted that he committed all of the essential elements of the offense charged by the superseding information; he was fully satisfied with the representation and advice received from counsel; he read and understood the plea agreement before signing it; he knowingly and voluntarily entered into the plea agreement, including the waiver of right to appeal; no one had made any promise or assurance of any kind to induce his plea; he understood the penalties he faced including supervised release and that if he violated any condition of it the term might be revoked and he would be required to serve an additional period of confinement; and, he read and understood the factual resume before signing it and the facts stated in it were true and correct. CR ECF No. 118.

The probation officer prepared the presentence report, which reflected that Movant's base offense level was 34. CR ECF No. 72-1, ¶ 28. He received a two-level increase for possession of a dangerous weapon. *Id.* ¶ 29. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 35, 36. Based on a total offense level of 33 and a criminal history category of III, his guideline imprisonment range was 168 to 210 months. *Id.* ¶ 103. Movant benefitted greatly from the plea agreement, which limited his statutory penalty to 20 years' imprisonment. Under the indictment, he would have been subject to a statutory penalty of 10 years' to life. *Id.* ¶ 104.

The Court sentenced Movant to a term of imprisonment of 168 months. CR ECF No. 107. Movant filed a notice of appeal, CR ECF No. 113, despite having waived his right to do so. CR ECF No. 52, ¶ 10. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Ramirez*, No. 24-10062, 2024 WL 4689053 (5th Cir. Nov. 6, 2024).

## GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. First, the district court failed to discuss supervised release. ECF No.[2] 1 at 4.[3] Second, his plea was not knowing and intelligent. *Id.* at 5. The motion is supported by a memorandum of law. ECF No. 2.

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

[3] The page number references to the motion are to "Page __ of 13" reflected at the top right portion of the document on the Court's electronic filing system.

for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to

meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant first urges that the Court failed to discuss supervised release with him. ECF No. 1 at 4; ECF No. 11. In his memorandum, he argues that the Court's failure constituted a complete failure to address a core concern of Rule 11 of the Federal Rules of Criminal Procedure. ECF No. 2 at 2. He wholly overlooks that the Court specifically addressed supervised release at arraignment and explained that Movant could face a further term of imprisonment if he violated the conditions of his term of supervised release. CR ECF No. 118 at 52. Movant acknowledged that he understood that he would face a term of supervised release of not less than three years and that his term of supervised release could be revoked if he violated the conditions. *Id.* at 53. Thus, there is no factual basis for this claim. Even if there were such a basis, the claim is procedurally barred because it should have been raised on appeal. *Shaid*, 937 F.2d at 232.

In his second ground, Movant contends that his plea was not knowing and voluntary. In support, he relies on a letter dated August 11, 2023, he purportedly sent to his counsel explaining that he was innocent and needed to understand why he should plead guilty. ECF No. 2 at 4 & Ex. 1. In addition, he alleges that counsel told him she would be sure to raise his innocence claim on appeal. *Id.* at 5. Of course, these things were allegedly done before he signed the plea agreement on September 20, 2023, CR ECF No. 52 at 5, and before arraignment on October 4, 2023. CR ECF No. 118.

The contention that Movant's plea was not knowing, voluntary, and intelligent is belied by the record. As set forth above, Movant testified in open court under oath that he understood the penalties he faced, including a minimum three-year term of supervised release that could be revoked if he violated his conditions of release. In sum, he testified to all the facts necessary to establish that his plea was knowing, voluntary, and intelligent. CR ECF No. 118. Movant's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431

U.S. 63, 74 (1977). He signed a factual resume, CR ECF No. 53, and plea agreement, CR ECF No. 52, both of which set forth the specific penalties he faced. These documents are likewise entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that his plea was not voluntary, and he cannot, he could not show prejudice as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient performance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The contemporaneous evidence reflects Movant's intent to plead guilty. *Lee v. United States*, 582 U.S. 357, 369 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies.") Specifically, Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). As stated in the PSR, Movant benefitted greatly by his plea.

Finally, even though it does not appear that Movant is raising a ground of ineffective assistance of counsel, there is no evidence to support such a claim in any event.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **16th day of September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE